**Affirmed and Memorandum Opinion filed December 1, 2020.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-19-00935-CV

---

### CHIDI OKONKWO, Appellant

### V.

### VE WESTCHASE LLC D/B/A WESTCHASE CREEK - VE WESTCHASE, LLC, Appellee

---

**On Appeal from the County Civil Court at Law No. 3
Harris County, Texas
Trial Court Cause No. 1141343**

---

## M E M O R A N D U M   O P I N I O N

In this forcible-detainer action, appellant Chidi Okonkwo challenges the legal and factual sufficiency of the evidence that the landlord properly delivered a notice to vacate the leased premises. We affirm.

## I.

Okonkwo leased an apartment from VE Westchase, LLC, d/b/a Westchase Creek – VE Westchase, LLC. The written lease provided that Okonkwo would be in

default if he failed to timely pay rent or other amounts due, and that in the event of default, Westchase could end Okonkwo's right of occupancy by giving him twenty-four hours' written notice via personal delivery or affixing the notice to the inside of the apartment door. Okonkwo failed to pay the rent and other amounts due, and Westchase brought a forcible-detainer action in a Harris County justice court, which rendered judgment in Westchase's favor. Okonkwo appealed the case to the county court at law, and after a non-jury trial, the county court also rendered judgment in Westchase's favor.

In his further pro se appeal to this Court, Okonkwo challenges "[t]he way the notice to vacate was delivered."

## II.

It is not clear whether Okonkwo challenges the legal or factual sufficiency of the evidence, and he does not identify any way in which the notice to vacate was defective. Given this lack of clarity, we treat the appeal as a challenge to both the legal and factual sufficiency of the evidence, and we review the evidence concerning the notice to vacate under those standards.

In our legal-sufficiency review, we credit all evidence and inferences favorable to the trial court's decision if a reasonable factfinder could, and we disregard all evidence contrary to that decision unless a reasonable factfinder could not. *See City of Keller v. Wilson*, 168 S.W.3d 802, 828 (Tex. 2005). In our factual-sufficiency review, we examine all of the evidence in a neutral light and consider whether the trial court's decision is so against the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. *See Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001) (per curiam).

## III.

A landlord must give a tenant at will or by sufferance at least three days' written notice to vacate before the landlord files a forcible-detainer suit unless the parties have contracted for a shorter or longer notice period in a written lease or agreement. TEX. PROP. CODE ANN. § 24.005(b). It is undisputed that Okwonko defaulted on the rent and that the lease requires only twenty-four hours' notice to vacate.

Both under the lease and under the Property Code, Westchase was permitted to give Okonkwo notice to vacate by affixing the notice to the inside of the apartment's main entry or by personal delivery. Westchase's assistant property manager Amanda Archie testified that on July 11, 2019, she posted a notice to vacate on the inside of the apartment door and that she hand-delivered a notice to vacate to Okonkwo on July 23, 2019. Westchase did not file its forcible-detainer action until August 1, 2019.

Okonkwo testified that a notice to vacate was slipped under his door because he found it on the floor when he entered the apartment. He further testified that Archie did not hand-deliver a notice. But as the factfinder, the trial court is the sole judge of the witnesses' credibility and the weight to be given to their testimony, and we will not substitute our judgment for that of the trial court. *Cent. Petroleum Ltd. v. Geoscience Res. Recovery, LLC*, 543 S.W.3d 901, 909 (Tex. App.—Houston [14th Dist.] 2018, pet. denied). The trial court reasonably could have credited Archie's testimony that she affixed the notice to the inside of Okonkwo's door and inferred that the notice simply fell to the floor before Okonkwo returned home.

Because the evidence is legally and factually sufficient to support the judgment, we overrule the sole issue presented and affirm the trial court's judgment.


/s/    Tracy Christopher
Justice


Panel consists of Justices Christopher, Wise, and Hassan.

4